UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MALCOLM VINCENT LESTER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

Defendant.

CASE NO. 13-cv-05466 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 18, 27, 28).

After considering and reviewing the record, the Court finds that the ALJ failed to evaluate properly plaintiff's allegations and credibility. Plaintiff alleges that he does not get along well with authority figures and that his bipolar disorder keeps him from

working, as he consistently has problems interacting with coworkers and supervisors at work, is argumentative, and often has started fights and hit coworkers (*see* Tr. 21, 23). The ALJ failed to credit fully plaintiff's testimony by finding that his allegations are inconsistent with his activities of daily living, such as living with his girlfriend and helping parent her two children, preparing meals, cleaning, doing laundry, mowing, household repairs, walking, driving a car, riding a bicycle and shopping in stores. However, plaintiff's daily activities are not inconsistent with plaintiff's allegations of disabling argumentative mood and social difficulties with coworkers and supervisors.

Therefore, the ALJ's credibility determination is improper and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

<u>BACKGROUND</u>

Plaintiff, MALCOLM LESTER, was born in 1971 and was 37 years old on the alleged date of disability onset of October 30, 2008 (*see* Tr. 128, 132). Plaintiff has only limited education but is able to communicate in English (see Tr. 27).  He has past relevant work as an antenna installer, parts salesman and well driller trainer/ construction worker (*see id.*).

The ALJ found that plaintiff has at least the severe impairments of "carpal tunnel syndrome, ulnar neuropathy, bipolar disorder, a generalized anxiety disorder and a personality disorder (CFR 404.152(c) and 416.920(c))" (Tr. 20). At the time of the hearing, plaintiff was living with a female roommate and two children (Tr. 40).

PROCEDURAL HISTORY

1

2        On July 23, 2009, plaintiff filed an application for disability insurance ("DIB")

3   benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI")

4   benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr.

5   18, 128-131, 132-138)). The applications were denied initially and following

6   reconsideration (Tr. 70-77, 78-86). Plaintiff's requested hearing was held before

7   Administrative Law Judge Dan R. Hyatt ("the ALJ") on October 13, 2011 (*see* Tr. 33-

8   57). On October 28, 2011, the ALJ issued a written decision in which the ALJ concluded

9   that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.15-32).

10

11        On May 22, 2013, the Appeals Council denied plaintiff's request for review,

12   making the written decision by the ALJ the final agency decision subject to judicial

13   review (Tr. 1-4). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

14   seeking judicial review of the ALJ's written decision in June, 2013 (*see* ECF Nos. 1, 3).

15   Defendant filed the sealed administrative record regarding this matter ("Tr.") on August

16   19, 2013 (*see* ECF Nos. 12, 13, 14).

17        In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Did the ALJ

18   err by failing to evaluate the record as a whole and give proper weight to medical

19   evidence in the record; and (2) Did the ALJ err by not finding the plaintiff credible

20   pursuant to SSR 96-7 (*see* ECF No. 18, pp. 1-2). The Court will address these issues in

21   reverse order.

22

23   //

24   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**(1)     Did the ALJ err by not finding plaintiff fully credible?**

Defendant concedes that if there is no evidence of malingering, once a claimant has presented objective medical evidence of an underlying impairment that reasonably could be expected to produce the pain or symptoms alleged, "the ALJ must provide clear and convincing reasons to reject a claimant's testimony" (Defendant's Brief, ECF No. 27, p. 5 (*citing Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004))).

Here, the ALJ found that plaintiff's "medically determinable impairments caused symptoms resulting in some limitations on work activity," but not to the extent alleged by plaintiff (*see* Tr. 22). However, for the reasons discussed below, the Court finds that the ALJ failed to evaluate properly plaintiff's allegations and credibility.

Plaintiff alleges that he does not get along well with authority figures, as he demonstrated after he was fired when he "mouthed off to the wrong person" (*see* Tr. 21). The ALJ noted that plaintiff testified at the hearing that his bipolar disorder keeps him from working, as he consistently has problems interacting with others at work, is argumentative, and has often started fights and hit coworkers (*see* Tr. 23). Plaintiff

testified that he "was stopped forcibly by other coworkers from hitting somebody with a shovel" (Tr. 46).

The ALJ failed to credit fully plaintiff's testimony in part by finding that his allegations are inconsistent with his activities of daily living, such as living with his girlfriend and helping parent her two children, preparing meals, cleaning, doing laundry, mowing, household repairs, walking, driving a car, riding a bicycle and shopping in stores. However, none of the listed daily activities are inconsistent with plaintiff's allegations of disabling argumentative mood and social difficulties. The only activities listed that cannot be done alone are shopping in stores, living with his girlfriend and helping his girlfriend with parenting. Based on the relevant record as a whole, the Court concludes that plaintiff's activities of daily living are not inconsistent with plaintiff's allegations of disabling mood and social difficulties getting along with coworkers and supervisors or authority figures.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from [his] credibility as to [his] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings

relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, there is no finding of transferability to a work setting and the enumerated activities of daily living do not contradict plaintiff's other testimony or his allegations of disability. Therefore, the ALJ's reliance on plaintiff's activities of daily living does not support his adverse credibility determination. *See id.*

The only other reason relied on by defendant for the adverse credibility determination is lack of support from the objective medical evidence (*see* Tr. 22; *see also* Tr. 22-27[1]). However, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of the symptom. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton v. Bowen*, 799 F.2d 1407 (9th Cir. 1986)). As the ALJ's discussion of the objective medical findings is the only other rationale properly relied on by the ALJ for his credibility determination other than a list of activities of daily living that do not contradict plaintiff's allegations, the ALJ's credibility determination is not proper. *See id.*  Therefore, based on the relevant record, the Court concludes that the ALJ

---

[1] *See also* Defendant's Brief, ECF No. 27, p. 8 ("The Commissioner does not rely on the ALJ's reasoning that Plaintiff's admitted remote history of criminal convictions undermined his credibility further").

1    erred when evaluating plaintiff's allegations and credibility. For the reasons discussed

2    below, the Court also concludes that the error is not harmless.

3        The Ninth Circuit has "recognized that harmless error principles apply in the

4    Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

5    (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

6    Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

7    record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court

8    also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

9    is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

10   (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

11   (other citations omitted). The court noted the necessity to follow the rule that courts must

12   review cases "'without regard to errors' that do not affect the parties' 'substantial

13   rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28

14   U.S.C. § 2111) (codification of the harmless error rule)).

15

16       Here, the ALJ failed to credit fully plaintiff's allegations, including his allegations

17   regarding limitations with working around coworkers and reacting appropriately with

18   supervisors: There is no limit on interaction with supervisors in plaintiff's RFC, and

19   plaintiff is found able to engage in occasional coworker interaction by the ALJ (*see* Tr.

20   22). Had plaintiff's allegations been credited fully, plaintiff's RFC likely would be more

21   restrictive, thereby affecting the ultimate disability determination. In addition, the

22   vocational expert testified that if a worker with plaintiff's RFC has a marked impairment

23   in the ability to respond to and tolerate the normal stresses of a regular work

24

environment, "such a person could not sustain competitive employment under those circumstances" (*see* Tr. 54).

**(2)      Did the ALJ err when evaluating the medical evidence in the record?**

The Court already has found that the ALJ committed harmful error in the evaluation of plaintiff's credibility, *see supra*, section 1. For this reason, the medical evidence should be evaluated anew following remand of this matter. The Court however, notes the following.

Plaintiff points out that "the VE acknowledged that with the hypothetical given by the ALJ that if a worker has a marked impairment in the ability to respond to the normal stresses of, and to tolerate the normal stresses of a regular work environment, such a person could not sustain competitive employment under those circumstances" (*see* Opening Brief, ECF No. 18, p. 4; Tr. 53-54). Dr. Shawn Kenderline, Ph.D. examined plaintiff and conducted a mental status examination ("MSE") (*see* Tr. 294-307). Among other opinions, Dr. Kenderline opined that plaintiff suffered from markedly severe limitations on his ability to respond appropriately to and tolerate the pressures and expectation of a normal work setting (*see* Tr. 296). Although the ALJ gave Dr. Kenderline's opinion "moderate weight," finding that the "limitations he proposed are consistent with the overall medical record," the ALJ failed to provide any reason to discount Dr. Kenderline's opinion regarding plaintiff's marked limitation in his ability to deal with normal work expectations and pressures (*see* Tr. 24-25). This opinion by Dr. Kenderline should either be adopted into plaintiff's RFC and any hypothetical presented

to a VE, or proper reasons should be provided for any failure to do so, as the VE indicated that such a limitation may be dispositive as to disability based on this record.

The Court also notes that Dr. Keith Krueger, Ph.D. also conducted an examination and MSE (*see* Tr. 386-94). Similar to the opinion from Dr. Kenderline, Dr. Krueger opined that plaintiff suffered from markedly severe limitations on his ability to communicate and perform effectively in a work setting even with limited public contact (*see* Tr. 388). Although the ALJ gave Dr. Krueger's opinion "significant weight," no reason is provided for failing to include this limitation into plaintiff RFC and for failing to include this limitation into the hypothetical provided to the VE (*see* Tr. 22, 25, 49-50).

The Court also notes further support for this particular opined limitation in that examining psychologist Dr. Michael Brown, Ph.D., likewise examined plaintiff, performed a MSE and opined that plaintiff suffered from markedly severe limitations on his ability to respond appropriately to and tolerate the pressures and expectation of a normal work setting (*see* Tr. 458). In addition, although not opining regarding this specific limitation, Dr. Roy Schegel, M.D., plaintiff's treating psychiatrist, conducted a psychiatric evaluation, diagnosed bipolar disorder and posttraumatic stress disorder, and opined that plaintiff global assessment of functioning ("GAF") was 43, "indicating severe symptoms," as noted by the ALJ (*see* Tr. 25 (*citing* Tr. 452)). Supporting all of these opinions, Dr. Dana Harmon opined that plaintiff meets Listing 12.04 based on the limiting affects of his bipolar disorder (*see id.*, Tr. 461). Even the state agency, non-examining medical consultants, whose opinions were given "great weight" by the ALJ

opined that plaintiff "works best in job settings that do not require ongoing and more intense dealings with the public, supervisors or coworkers" (Tr. 26 (*citing* Tr. 354, 377)).

The medical evidence should be evaluated further, especially with respect to plaintiff's ability to respond appropriately to and tolerate the normal pressures and expectations of normal work settings.

**(3)      Should this matter be reversed and remanded for further proceedings or for an award of benefits.**

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Further analysis of the medical record is required. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the

1    court.  *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary*

2    *of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

3                                    CONCLUSION

4           The ALJ erred in his review of plaintiff's credibility as plaintiff's activities of

5    daily living do not contradict his other testimony or his allegations of disabling social

6    limitations. The medical evidence requires further review.

7           Based on these reasons and the relevant record, the Court **ORDERS** that this

8    matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

9    405(g) to the Acting Commissioner for further consideration.

10          **JUDGMENT** should be for plaintiff and the case should be closed.

11          Dated this 16th day of May, 2014.

12

13

14                                    _____
                                      J. Richard Creatura
15                                    United States Magistrate Judge

16

17

18

19

20

21

22

23

24